CRAM v. CRAM & CROCKER LUMBER COMPANY.

1. WORKMEN'S COMPENSATION—DEATH OF CLAIMANT—PERSONAL REPRESENTATIVE—STATUTES.

The personal representative of a deceased claimant may be substituted to prosecute an appeal to the workmen's compensation appeal board from a decision of the hearing referee (CL 1948, § 412.12, as amended by PA 1965, No 230).

2. SAME—DEATH OF CLAIMANT—AWARD—STATUTES.

Claim for workmen's compensation pending on appeal before the workmen's compensation appeal board does not abate upon death of claimant for cause unrelated to his injury (CL 1948, § 412.12, as amended by PA 1965, No 230).

3. SAME—AFFIRMANCE OF AWARD—INTEREST—COSTS.

Interest and costs are allowed plaintiff-appellee, administratrix of estate of employee who died during pendency of appeal from referee to workmen's compensation appeal board, upon affirmance of board's award reversing determination which had been made by the referee (CL 1948, § 412.12, as amended by PA 1965, No 230).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation §§ 539, 577.
[3] 58 Am Jur, Workmen's Compensation § 543.

Appeal from Workmen's Compensation Appeal Board, with Supreme Court recalling case from Court of Appeals and retaining jurisdiction pursuant to GCR 1963, 852. Submitted June 10, 1967. (Calendar No. 10, Docket No. 51,321.) Decided October 2, 1967.

Pauline Cram, administratrix of the estate of Hiram Cram, original claimant, continued to prosecute an appeal to the Workmen's Compensation Appeal Board against Cram & Crocker Lumber Company, a copartnership, and Michigan Mutual Liability Company, its insurer. Award for accrued compensation granted. Defendants appeal. Affirmed.

*Edward A. Quinnell,* for plaintiff.

*Burney C. Veum,* for defendants.

T. M. KAVANAGH, J. Leave to appeal was granted the defendants on November 19, 1965. They seek reversal of an order of the workmen's compensation appeal board dated August 20, 1965, granting an award of compensation to the personal representative of Hiram Cram's estate at the rate of $57 per week from April 7, 1962, to December 27, 1963, plus medical expenses in the amount of $1,081.75. Said compensation and medical expenses accrued to claimant during his lifetime and remained unpaid at the time of his death.

On June 9, 1962, Hiram Cram filed a claim for workmen's compensation benefits for a personal injury sustained on January 10, 1961, arising out of and in the course of his employment with defendant Lumber Company.

The hearing referee denied the claim finding that claimant did not receive a personal injury arising out of and in the course of his employment.

An appeal from this finding was duly filed.

On December 27, 1963, while the case was pending on appeal and subsequent to the filing of briefs, claimant died of causes wholly unrelated to his injury.

Plaintiff, administratrix of the estate of Hiram Cram, requested that she be substituted as party plaintiff. Defendants moved to dismiss for the reason the death of the claimant abated the proceedings inasmuch as the employee died prior to the appeal board's rendering a final order or decision.

On August 21, 1964, an order was entered by the appeal board substituting the administratrix as party plaintiff.

On August 20, 1965, the appeal board reversed the finding of the referee and ordered an award for weekly benefits and medical expenses incident to claimant's injuries to the date of his death.

On appeal, defendants raise three questions:

(1) May the personal representative of a deceased employee prosecute an appeal to the workmen's compensation appeal board from a decision of a hearing referee adverse to the deceased employee?

(2) Did any claim which Hiram Cram might have had against his employer abate upon his death?

(3) Does the workmen's compensation appeal board have the judicial authority to reverse existing decisions or legislative enactments?

Section 12 of part 2 of the workmen's compensation act, being CL 1948, § 412.12, was amended by PA 1965, No 230 (Stat Ann 1965 Cum Supp § 17.162). This amendment was in effect at the time of the decision of the appeal board and reads as follows:

*"If a claim* for benefits has been filed but *has not been decided by a referee or on appeal,* and the claimant dies from a cause unrelated to his injury, *the proceedings shall not abate* but may be continued in the name of his personal representative. In such case, the benefits payable up to time of death shall be paid to the same beneficiaries and in the same amounts as would have been payable if the employee had suffered a compensable injury resulting in death." (Emphasis supplied.)

The first sentence of the amendment answers defendants-appellants' first two questions on appeal. A claim for benefits having been filed and not decided on appeal, and claimant having died from a cause unrelated to his injury, we find (1) the personal representative of the deceased claimant may be substituted to appeal to the workmen's compensation appeal board from a decision of the hearing referee, and (2) the claim which the deceased claimant had against his employer did not abate upon his death.

As to the third question, defendants-appellants rely upon prior decisions of this Court stating that death abates the claim. In view of the applicable amended statute, those decisions are not controlling in this case.

The order of the appeal board reversing the award of the referee and awarding compensation is affirmed. Plaintiff shall have interest and costs.

DETHMERS, C. J. and KELLY, BLACK, SOURIS, O'HARA, ADAMS, and BRENNAN, JJ., concurred.